IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LASHIA LEVINS,  ) | |
| ) | Civil Action No. |
| Plaintiff,  ) | |
| ) | |
| v.  ) | |
| ) | JURY TRIAL DEMANDED |
| DELTA AIR LINES, INC., and  ) | |
| CONNECT STAFFING, INC.,  ) | |
| ) | |
| Defendants. | |

_____

## **COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Lashia Levins ("Plaintiff"), by and through undersigned counsel, and files this Complaint under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") against Defendants Delta Air Lines, Inc. ("Defendant Delta") and Connect Staffing, Inc. ("Defendant Connect") (collectively "Defendants") and shows the Court as follows:

## **JURISDICTION AND VENUE**

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

1

2.

The unlawful employment practices alleged in this Complaint were committed within this district.  In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## **PARTIES**

3.

Plaintiff is a citizen of the United States of America, and is subject to the jurisdiction of this Court.

4.

Defendants are qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District. Defendants are subject to specific jurisdiction in this Court over the claims asserted herein.

5.

Defendant Delta may be served with process by delivering a copy of the summons and complaint to its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, GA 30092. Defendant Connect may be served with process by delivering a copy of the summons and complaint to its registered agent, Laura Maurice, 894 Chestnut Lake Drive, Marietta, GA, 30068.

## FACTUAL ALLEGATIONS

6.

Plaintiff timely filed a charge of discrimination against Defendants with the Equal Employment Opportunity Commission (EEOC).

7.

Plaintiff requested the right to sue on her charges from the EEOC, which the EEOC subsequently issued on January, 29, 2020, entitling an action to be commenced within ninety (90) days of receipt of that notice.

8.

This action has been commenced within ninety (90) days of receipt of the "Notices of Right to Sue".

9.

Defendants are now, and at all times relevant hereto, have been employers subject to Title VII.

10.

Defendant Connect is a staffing company. Defendant Connect placed Plaintiff with Defendant Delta on or about September 16, 2019 to work as a Senior Project Manager.

11.

On or around September 23, 2019, Plaintiff had her first meeting with her supervisor, Renee Lopez Pineda.

12.

At that meeting Plaintiff told Renee that she has to go to physical therapy on a regular basis due to my disability from being severely injured. Plaintiff was severely injured on January 24, 2018 and had multiple surgeries on her cervical spine, which had her in a wheel chair during 2018. At the time of this incident Plaintiff was out of the wheelchair, but still treating for these severe injuries.

13.

Defendant initially accommodated Plaintiff's disability by offering overtime with prior notice and an alternative work schedule on an as needed basis. Plaintiff accepted the overtime with prior notice and an alternative work schedule.

14.

In order for Plaintiff to go to her medical appointments by requesting overtime or an alternative work schedule, Plaintiff would ask in advance and get clearance from Renee Lopez Pineda and Laura Dieudonne.

15.

On September 27, 2019 Laura Dieudonne called Plaintiff into her office and asked what Plainitff what she needs for her disability and said that everything is "becoming a bit much."

16.

Laura told Plaintiff that Plaintiff does not get special treatment due to her disability and the contractors like Plaintiff only receive the bare minimum.

17.

On December 9, 2019, Renee asked Plaintiff to tell her all of Plaintiff's medical appointments for December and January.

18.

Renee only approved Plaintiff's requested accommodations for December, but said she would not approve Plaintiff's January appointments.

19.

Renee also said to Plaintiff that they will make an agreement that if Plaintiff's medical tests come back bad that Plaintiff will "gracefully resign."

20.

On December 16, 2019, Plaintiff was approached and was brought into a conference room and was terminated.

21.

Defendants' alleged reason for Plaintiff's termination is pretext for unlawful discrimination based on Plaintiff's disability.

22.

As a result of Defendants' unlawful actions, Plaintiff has suffered, *inter alia*, pecuniary and non-pecuniary losses for which she is entitled to recover from Defendants, including lost wages and emotional distress.

23.

Defendant Delta and/or Connect had control and influence over the terms and conditions of the employment for which Plaintiff was hired, including her job duties, supervision, and rate of compensation.

24.

Defendant Delta and/or Connect had control and influence over the terms and conditions of the employment for which Plaintiff was hired, including supervision and other human resources functions, and rate of compensation.

25.

Defendant Delta and/or Connect had control and influence over the decision to terminate Plaintiff's employment.

26.

Defendants jointly employed Plaintiff and are therefore jointly liable for violating Title VII by the conduct described herein.

## **CLAIM FOR RELIEF**

## **COUNTS I & II**

## **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

## **(ADA DISCRIMINATION AND RETALIATION)**

27.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

28.

Section 102 of the ADA protects qualified individuals, including Plaintiff, from adverse employment actions based on a known disability of the employee.

29.

At times relevant to this action, Plaintiff was a "qualified individual" as that term is defined by the ADA.

30.

At times relevant to this action, Plaintiff has been an individual with disabilities as that term has been defined by the ADA.

31.

At times relevant to this action, Defendants and individuals involved in the decision to terminate Plaintiff were aware of Plaintiff's disabilities, including at the time of Defendants' termination of Plaintiff.

32.

Plaintiff's disabilities and/or need for a reasonable accommodation were determinative factors in Defendants' decision to terminate Plaintiff.

33.

At all times relevant, Plaintiff could perform the essential functions of her position with, or without a reasonable accommodation.

34.

Defendants "regarded" Plaintiff as having a "disability" under the ADA.

35.

In terminating Plaintiff, Defendants discriminated against Plaintiff because of her disabilities, and/or need for an accommodation, thus violating Plaintiff's rights under the ADA entitling her to all appropriate relief thereunder.

36.

In terminating Plaintiff after she sought a reasonable accommodation of time off, Defendants retaliated against Plaintiff in violation of the ADA.

37.

As a result of Defendants' unlawful actions, Plaintiff has suffered emotional distress and other non-pecuniary damages, as well as economic damages, for which she is entitled to recover from Defendants.

38.

Defendants acted with malice and in reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to punitive damages.

39.

In terminating Plaintiff's employment, Defendants discriminated against Plaintiff, in violation of Title VII.

40.

As a result of Defendants' unlawful actions, Plaintiff has suffered, among other things, pecuniary and non-pecuniary losses for which she is entitled to recover from Defendants. Among other things, Plaintiff has suffered lost wages and emotional distress. Defendants' unlawful actions were willful and done in reckless disregard for Plaintiff's protected rights. Plaintiff is entitled to an award of punitive damages.

**WHEREFORE**, Plaintiff requests judgment as follows:

(a) Special damages, back-pay, lost benefits and prejudgment interest thereon;

(b) Compensatory damages;

(c) Punitive damages;

(d) All equitable relief available, such as reinstatement or front-pay in lieu thereof,

(e) All relief available under Title VII;

(f) Reasonable attorney's fees and expenses of litigation;

(g) Trial by jury as to all issues so triable;

(h) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(i) All other relief to which she may be entitled.

This 10th day of April, 2020.

**BARRETT & FARAHANY**

s/ Michael S. Wilensky
Michael S. Wilensky
Georgia Bar No. 321055
Attorney for Plaintiff

1100 Peachtree Street, N.E.
Suite 500 Atlanta, GA 30309
(404) 214-0120
Michael@JusticeAtWork.com